## Beam Estate

*W. E. Sharman*, for petitioner.

MARX, P. J., January 21, 1948.—Barbara Ann Beam, under the age of 14 years, now resides with her parents, Earl W. Beam and Catharine S. Beam, at 322 West Elm Street, Shillington, Berks County, Pa. After birth, she resided with her parents in South Dakota. In a suit brought for recovery of damages, she was awarded the sum of $1,200, and her father, Earl W. Beam, was appointed guardian of said fund by the courts of Minnehaha County, South Dakota, on or about December 20, 1944. Said guardian received and presently holds said sum of $1,200.

Having become a resident in the County of Berks, where her parents also reside, the minor, by her mother, now seeks the appointment of her father, Earl W. Beam, as guardian of her estate, under the laws of this Commonwealth.

The laws of the Commonwealth of Pennsylvania expressly prohibit appointment of a parent as guardian of the estate of a minor son or daughter. The appointment of the father, under the laws of the State of South Dakota, is recognized here as a valid and legal appointment.

Section 58(b) of the Fiduciaries Act of June 7, 1917, P. L. 447, provides:

"Except as hereinafter provided, no appointment of a guardian, made or granted by any authority out of this State, shall authorize the person so appointed to interfere with the estate, or control the person of a minor in this State: Provided, That such foreign guardian may, at the discretion of the orphans' court

having jurisdiction, be appointed by said court, on giving security for the due performance of his trust."

Section 58 (g) 1 of that statute provides, inter alia, that a guardian, under a foreign appointment, may not interfere in the administration of a guardianship in this Commonwealth, nor may remove from this Commonwealth the property of the ward, without having entered security in double the amount of said property and without having first filed of record in the Orphans' Court of the Pennsylvania county, a record of the appointment under the laws of the foreign State, exemplified under the Act of Congress. It is evident, therefore, that no guardian, under a foreign appointment, should be permitted to become resident in Pennsylvania, possess the assets of the estate and then remove beyond the jurisdiction of the Commonwealth. Full recognition is given and must be given to the appointment under the laws of South Dakota. Full recognition must likewise be given to the prohibition, under our law, of the appointment of a parent as guardian of the estate of his or her minor child. Under the recited provision of section 58 (b) of the Fiduciaries Act of 1917, we may accept the appointment of the father by the courts of South Dakota and, he being now resident in this county, we may authorize him, as guardian, to receive and administer the funds of the estate, under our law, after having posted bond in double the amount of the assets in his hands. It is important that a condition of the bond should be that the assets of the estate shall not be removed from the Commonwealth of Pennsylvania, without express order of this court. In arriving at this conclusion we have followed the theory and construction adopted in Collins' Estate, 9 D. & C. 520, 523. Upon receipt of an amended petition, conforming with the aforesaid requirements, authority will be given to hold and administer the assets of the estate within this Commonwealth.